**In re DI TORIO.**

(District Court, N. D. Illinois, E. D. November 2, 1925.)

No. 17547.

**1. Statutes ⚖═215—Conditions relative to subject-matter when statute adopted, and causes inducing adoption, may be considered in construing ambiguous language.**

In construing ambiguous language of statute, it is proper to consider conditions with reference to subject-matter prevailing when it was adopted, and occasion and necessity for it, or causes inducing enactment.

**2. Statutes ⚖═183, 185—Spirit of law will prevail over letter, and general language may be construed to admit implied exceptions.**

Spirit or reason of statute will prevail over its letter, and general language may be construed to admit implied exceptions.

**3. Statutes ⚖═47—Statute prohibiting filing of declaration of intent within 30 days preceding "election" held void for uncertainty, and declaration of filing valid.**

Act May 9, 1918, § 1 (7), amending Naturalization Act June 29, 1906, § 4 (7), being Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352 (7), providing that it shall be unlawful to make a declaration of intention during 30 days preceding "any election in the jurisdiction of the court," held void and inoperative for uncertainty, and declaration of intention filed in Illinois 30 days preceding congressional election valid; "election" being inclusive of primary election in some states and not in others.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Elect—Elected—Election.]

**4. Statutes ⚖═47—Statute so uncertain that its meaning cannot be determined is inoperative and void.**

Statute so uncertain that its meaning cannot be determined by known rules of construction is inoperative and void; nor can courts supply meaning not deducible from act.

Naturalization Application. In matter of Nicandro Di Torio. On motion to vacate order admitting applicant to citizenship. Motion denied.

Jacob I. Grossman, of Chicago, Ill., amicus curiæ.

WILKERSON, District Judge. On May 25, 1925, an order was made admitting the applicant to citizenship. On May 29, 1925, a motion was made by the United States to vacate the order on the ground that applicant's declaration of intention was void. The declaration was made on October 11, 1918, "during the period of 30 days" preceding the congressional election of November, 1918. The motion to vacate is based upon a provision of the Act of May 9, 1918, c. 69, § 1(7), amending the Naturalization Act of 1906, § 4(7). That provision is as follows:

"Provided, that it shall not be lawful to make a declaration of intention before the clerk of any court on election day or during the period of thirty days preceding the day of holding any election in the jurisdiction of the court." Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352(7).

It is found imbedded in a section which relates to the naturalization of Filipinos, Porto Ricans, or aliens in the service of the army, navy, marine corps, coast guard, or merchant marine.

The ambiguity of the provision is at once apparent. The word "election" is generic, and includes special and general elections, elections by General Assembly, city council, or other such body, votes on propositions, and any choice between alternatives. The word "election" in some states does, and, in others does not, include primary elections.

There is, perhaps, no word in legal terminology so frequently used as the word "jurisdiction," so capable of use in a general and vague sense, and which is used so often by men learned in the law without due regard to precision in its application. Mr. Justice Miller in opinion of the court in Watson v. Jones, 13 Wall. 679, 732, 20 L. Ed. 666.

In section 6 of the Naturalization Act of 1906, it is provided that "no person shall be naturalized nor shall any certificate of naturalization be issued by any court within thirty days preceding the holding of any general election within its territorial jurisdiction." Comp. St. § 4354.

In the proviso under consideration, the words "general" and "territorial" are omitted. If the proviso is held to cover all elections in the territorial jurisdiction of the court, this court it without power to accept declarations of intention during almost eleven months of the year.

[1] Where the language of a statute is ambiguous, it is proper to consider the conditions with reference to the subject-matter that existed when it was adopted, the occasion and necessity for the law, and the causes which induced its enactment, or, in other words, the mischief sought to be avoided and the remedy intended to be afforded.

The report of the committee of the House of Representatives of the Sixty-Fifth Congress which had this provision before it explains the purpose of the proviso, as follows:

"Further provision is made to prohibit the filing of a declaration of intention during thirty days preceding and including election day. This provision is analagous to one which excludes the courts from naturalization authority during the thirty days preceding election, and is a provision that has long been known to have been inadvertently overlooked in the enactments heretofore passed."

The provision to which reference is made is found in section 6 of the Naturalization Act of 1906. Its history is well known. Opinions of Attorney General for 1910, p. 146; Re Goldberg (D. C.) 269 F. 392. It resulted from investigations by a commission appointed by President Roosevelt in 1905. Wholesale frauds had been committed by political workers in naturalizing large numbers of aliens immediately preceding important general elections. The purpose of the legislation was to prevent a repetition of those frauds.

Aliens, in some states, upon filing the declaration of intention, have the right to vote, to hold property, to take by descent, and to enjoy other privileges. The purpose of the proviso of 1918 appears to have been to prevent frauds in voting in connection with declarations of intention analagous to those which had been committed in connection with the naturalization of aliens. To accomplish the result, however, it was not necessary that the proviso should have been made applicable to states in which the making of the declaration did not give the right to vote. The state of Illinois does not permit aliens who have made the declaration to vote.

[2] The spirit or reason of the law is the life of the law, and will prevail over the letter. The meaning of general terms may be restrained by the spirit or reason of the law and general language may be construed to admit implied exceptions. A thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of the makers. Thus in Church of the Holy Trinity v. United States, 143 U. S. 457, 12 S. Ct. 511, 36 L. Ed. 226, it was held that a minister of the gospel did not come within the contract labor law, and in Ozawa v. United States, 260 U. S. 178, 194, 43 S. Ct. 65, 67 L. Ed. 199, it was decided that a Japanese did not come within the words "an alien" in the Naturalization Act of 1906. See, also, United States v. Kirby, 74 U. S. (7 Wall.) 482, 486, 487, 19 L. Ed. 278; McKee v. United States, 164 U. S. 287, 293, 17 S. Ct. 92, 41 L. Ed. 437; Standard Oil Co. v. United States, 221 U. S. 1, 59, 60, 31 S. Ct. 502, 55 L. Ed. 619, 34 L. R. A. (N. S.) 834, Ann. Cas. 1912D, 734; United States v. American Tobacco Co., 221 U. S. 106, 178, 179, 31 S. Ct. 632, 55 L. Ed. 633; Lau Ow Bew v. United States, 144 U. S. 47, 59–61, 12 S. Ct. 517, 36 L. Ed. 340; United States v. Mooney, 116 U. S. 104, 106, 107, 6 S. Ct. 304, 29 L. Ed. 550.

If the proviso is not so limited that it does not apply to declarations of intention filed in states such as Illinois where the filing of such declarations of intention does not give to aliens the right to vote, is it possible to determine what it does mean? Attention has been directed already to the omission of the word "territorial" in connection with "jurisdiction."

In Commonwealth v. Breakwater Co., 214 Mass. 10, 100 N. E. 1034, Chief Justice Rugg, speaking for the Supreme Judicial Court, said:

" 'Jurisdiction,' like many other words in general use, has different meanings, dependent upon the connection in which it is found and the subject-matter to which it is directed. But it is always a word of comprehensive import. It cannot be assumed that the Legislature employed it in the sense of territorial limits. * * * As applied to a sovereign, either state or nation, jurisdiction signifies the authority to make and declare the law, the right to apply the law to the acts of persons, and the power to enforce the law under all circumstances."

[3] What did Congress mean by an "election within the jurisdiction of the court"? Did it mean an election within the territorial jurisdiction of the court or an election with reference to which the act of the court conferred some right or over which the court exercised some judicial authority? The uncertainty in the meaning of the words is revealed when it is attempted to apply them to states in which the making of the declaration does not confer the right to vote. If "jurisdiction" means "territorial jurisdiction," then the words have an effect entirely out of harmony with the purpose of the legislation. If "jurisdiction" is used in the sense of the right to apply the law to the acts of persons, does the phrase in question mean an election in which the declaration before the court confers some right or

an election over which the court under the law has some control?

[4] An act which is so uncertain that its meaning cannot be determined by any known rules of construction cannot be enforced. If no judicial certainty can be settled upon as to the meaning of a statute, the courts are not at liberty to supply one. It must be capable of construction and an interpretation; otherwise it will be inoperative and void. An act is void where its language appears on its face to have a meaning, but it is impossible to give it any precise or intelligible application in the circumstances under which it was intended to operate. People v. Sweitzer, 266 Ill. 459, 107 N. E. 902, Ann. Cas. 1916B, 586; People v. Briggs, 193 N. Y. 457, 86 N. E. 522; State v. Partlow, 91 N. C. 550, 49 Am. Rep. 652; State v. West Side Street Ry. Co., 146 Mo. 155, 47 S. W. 959; 25 R. C. L. 811, and cases cited.

The motion to vacate the order admitting the applicant is overruled, and the certificate of naturalization ordered to issue to said applicant.