**UNITED STATES of America,**
Plaintiff,

v.

**R & J ENTERPRISES,** Frank Marrone,
Selma Marrone, Lesa Daye, Darlene
L. McKenzie, Defendants.

**Crim. Nos. 4184–4188.**

District Court, Alaska,
Third Division, Anchorage.

Nov. 6, 1959.

George Hayes, Asst. U. S. Atty., Anchorage, Alaska, for plaintiff.

Wendell P. Kay, Anchorage, Alaska, for defendants.

McCARREY, District Judge.

Informations have been filed in the five (5) above-entitled criminal suits charging the defendants under Chapter 80 of the 1959 Session Laws of Alaska, and the same were consolidated for trial.

While other motions have been filed, they have been disposed of, and the only remaining one is a motion to dismiss, three (3) of the grounds for said motion being common to each information. These three (3) grounds are substantially as follows:

1. That this court, being a territorial court, is without power or jurisdiction to try this state criminal offense.

2. That the statute, Chapter 80, Session Laws of Alaska, 1959, under which this information is brought, is impossible of enforcement, because it requires the specified employment thereunder to be by a "license."

3. That the information, and each count thereof, is defective in that it does not allege that the named females were principally or directly employed to solicit drinks by patrons.

▆ The motion to dismiss because "* * * this court * * * is without power or jurisdiction to try this state criminal offense" is hereby denied for the reasons that this court set forth in the case of United States v. Starling, D.C., 171 F.Supp. 47.

▆ The motion to dismiss on the ground that "the information, and each count thereof, is defective in that it does not allege that the named females were principally or directly employed to solicit drinks by patrons" is also hereby denied.

The fourth ground for dismissal is substantially the same as to the four individual defendants. It is:

4. That the information does not charge or allege that the employment or actions of the defendant were wrongful or unlawful.

▆ The motion to dismiss on the ground that the information does not charge that the acts of the defendant were "unlawful" is also hereby denied.

▆▆ I find that the other grounds for the motions to dismiss as to the defendants Frank Marrone and R & J Enterprises, namely:

"That each count of said information is repugnant to and contrary of the corresponding counts of the information charging Frank Marrone (Cr. No. 4185), in that each said count charges the defendant with employing a named female, and the corresponding counts of the information against Frank Marrone charge the said Frank Marrone with employing the identical females; that the cases having been consolidated, the counts in all informations herein must be considered as though they were separate counts of a single information or indictment."

"That each count of said information is repugnant to and contrary of the corresponding counts of the information charging R & J Enterprises (Cr. No. 4184), in that each said count charges the defendant with employing a named female, and the corresponding counts of the information against R & J Enterprises charge the said R & J Enterprises with employing the identical females; that the cases having been consolidated, the counts in all informations herein must be considered as though they were separate counts of a single information or indictment."

"That the information, and each count thereof, does not allege an es-

sential element of the crime, to-wit: that Frank Marrone was the holder or operator of the beverage dispensary license."

are without merit and therefore deny the motions to dismiss as to those grounds.

Ground number 2 for dismissal, in each of these informations, warrants further consideration before the ruling of the court. As set out above, it is based on the alleged impossibility of enforcement of Chapter 80 for the reason that Section 1 of that Chapter requires the specified employment to be by a "license." As will be noted hereafter, Section 1 of Chapter 80, S.L.A.1959, provides that "No female person shall be employed by any liquor or beverage dispensary, club, road house, restaurant, or common carrier dispensary license * * *"

R & J Enterprises was charged in five (5) counts with employing Selma Marrone, Lesa Daye and Darlene McKenzie to solicit the purchase of alcoholic beverages in violation of the provision in the statute which forbids such acts by holders of beverage dispensary licenses. Frank Marrone was charged in five (5) counts with employing the same three (3) women for the same purposes in violation of the second part of Section 1 of the statute prohibiting "any person" from so doing. The three (3) women were charged with receiving salaries for the solicitation of certain named persons to purchase alcoholic beverages.

Chapter 80, S.L.A.1959, provides as follows:

"Be it enacted by the Legislature of the State of Alaska:

"Section 1. No female person shall be employed by any liquor or beverage dispensary, club, road house, restaurant, or common carrier dispensary license issued under the laws of the State of Alaska, to solicit, entice or encourage the purchase by patrons of any such licensed premises of alcoholic beverages upon a rebate, percentage, or share the profit basis, or any other

basis; nor shall any such female person receive any salary or other compensation from any person for the solicitation, enticement, or encouragement of the purchase of alcoholic beverages as hereinabove set forth. Bona fide entertainers, hat check girls and female employees not directly or principally employed to solicit sales of intoxicants shall be exempt herefrom.

"Sec. 2. Any female person or the holder or operator of any liquor dispensary, club, restaurant, or common carrier dispensary license violating the provisions of this Act shall be guilty of a misdemeanor and shall be punished by a fine of not less than $300.00 or more than $1,000.00, or by imprisonment for not more than sixty days, or by both such fine and imprisonment."

Counsel for the defense has argued that the statute is so incomplete and so ill-expressed as to be impossible of enforcement since he states " * * * that a 'license', being an inanimate piece of paper, cannot actually employ anyone." He also argues that a court cannot re-write a statute, nor can a court give meaning to a statute where the words are so vague, indefinite, or uncertain as to preclude a rational interpretation. Likewise he has also argued that there is a difference between "validity" and "constitutionality." This latter point has been well considered by Judge Wilkerson in his opinion, In re Di Torio, D.C.Ill. 1925, 8 F.2d 279, 281, obviating the necessity of my commenting further on these points since I find that this contention is without merit.

Counsel further argues that since this is a criminal statute it must be strictly construed, and if the statute is capable of being interpreted alternately, the court must give it that interpretation which would be most favorable to the defendant. Likewise he has argued that a court cannot rewrite a criminal statute so as to make it intelligible, for to do so would be tantamount to judicial legislation and is contrary to the doctrine of

**4**

separation of powers under our Constitution.

■■ I agree with counsel for the defendants' general statement of the law as above set forth, but find that it is also the duty of the court to give meaning to the law where the intent of the legislature can, with reasonable certainty, be ascertained. Zinn v. City of Steelville, 1943, 351 Mo. 413, 173 S.W.2d 398, 401–402; United States v. American Trucking Ass'n, Inc., 1940, 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345. Further, there is also a presumption that a statute is valid until the contrary appears beyond a reasonable doubt. Schenley Distillers, Inc. v. United States, D.C. W.D.Pa.1957, 153 F.Supp. 898, 905, affirmed 3 Cir., 255 F.2d 334.

Applying the canons of statutory construction in interpreting the statute before me, I find that the intent of the legislature is clear when you consider:

a. The title of the act which provides:

"To prohibit employment of certain females or the taking of compensation by females for certain purposes in connection with the sale of intoxicating liquors and providing penalties."

b. Section 2 of the act which provides:

"Any female person or the holder or operator of any liquor dispensary, club, restaurant, or common carrier dispensary license violating the provisions of this Act shall be guilty of a misdemeanor and shall be punished by a fine of not less than $300.00 or more than $1,000.00, or by imprisonment for not more than sixty days, or by both such fine and imprisonment."

c. The original House Bill No. 12 (supplied to the court by counsel and providing in Section 1:

"No female person shall be employed by or associated in any manner with the holder or operator of

any liquor * * *" (Italics supplied.)

d. The Acting Governor's message to the legislature upon returning the signed bill (called to my attention by the Government) which stated:

"Speaker of the House

"Alaska State Legislature

"Juneau, Alaska

"Dear Mr. Speaker:

"I have reviewed House Bill No. 12, an act to prohibit employment of females for certain purposes in connection with the sale of intoxicating liquor. I understand it is popularly referred to as an act to prohibit employment of 'B' Girls.

"The Legislature is to be congratulated upon the enactment of this law. This practice of employing 'B' Girls in licensed beverage dispensing premises has done more to bring criticism upon the liquor industry than anything else.

"This Administration is determined to eliminate this type of establishment and if it is necessary to carry out the objectives of this law the Liquor Control Board will supplement and implement the act with necessary rules and regulations.

"Sincerely yours,

"/s/ Hugh J. Wade

"Acting Governor"

See Journal of the House of Representatives, First Session 1959, p. 1115.

■ I, therefore, find that Section 1 of Chapter 80, S.L.A.1959, should be interpreted as if it read:

"No female person shall be employed by the holder or operator of any liquor or beverage dispensary, club, road house, restaurant, etc. * * *"

This is an example of careless legislation, but since I find the intent of the legislators is clear, for the above reasons, the motions to dismiss are denied and the cases are hereby ordered set for trial.