**Miguel AWA, Plaintiff-Appellee,**

v.

**GUAM MEMORIAL HOSPITAL AUTHORITY, Defendant-Appellant.**

**Stephanie Rose HAMMONDS, a minor, by Robert LIZAMA, her guardian ad litem, Plaintiff-Appellee,**

v.

**Vallop BOONPRAKONG, Defendant-Appellant.**

**Mario GARCIA, Plaintiff-Appellee,**

v.

**Tsuyoshi YAMASHITA, M.D., Defendant-Appellant.**

**Nos. 83–1931, 83–1945 and 83–2117.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 1983.

Decided Feb. 24, 1984.

Mark E. Cowan, Richard A. Pipes, Arriola & Cowan, Gary D. Hull, Baumann & Hull, Edward Arriola, Arriola & Weller, Agana, Guam, for plaintiffs-appellees.

J.C. Dierking, Howard G. Trapp, Howard Trapp, Untalan & Mair, Inc., Ruth Hall, Crain, Moore & Layne Agana, Guam, for defendants-appellants.

Before WRIGHT, CHOY, and POOLE, Circuit Judges.

CHOY, Circuit Judge:

This appeal combines several medical malpractice actions, each dismissed by the Superior Court of Guam on the ground that the plaintiffs had failed to comply with Guam's Medical Malpractice Claims Mandatory Screening and Mandatory Arbitration Act ("the Act") prior to bringing suit. On appeal to the Appellate Division of the District Court of Guam, the three-judge panel found "it impossible to construe the Act so as to give effect to its contradictory and incomplete provisions." *Hammonds v. Boonprakong,* CIV 81–003A, slip op. at 2 (D.Guam App.Div.1983). We affirm.

## I. THE ACT

The legislature of the Territory of Guam enacted the Act on December 23, 1975. It found that "[m]andatory screening of Medical Malpractice claims and mandatory arbitration of valid claims will provide an effective alternative to litigation" that had been "increasing the costs of malpractice insurance and making it unavailable altogether." Pub.L. No. 13–115, § 1(d), (f), 13th Guam Legis.Sess.Laws 255 (1975).[1] The Guam legislature believed it "essential to assure the resolution of malpractice claims with optimum efficiency both for the benefit of the consumer and the medical profession." *Id.* § 1(e).

The Act provides that a civil action for medical malpractice "may be instituted in the Superior Court of Guam only after there has been a screening and arbitration of the claim...." *Id.* § 9990.2. The Act then describes the composition of the screening panel and the hearing procedures for determining liability. *Id.* § 9990.4–.8. If the panel makes a finding of no liability, "the plaintiff may appeal the panel's find-

---

1. This law apparently has not been codified into the Government Code of Guam. All cita-

tions, therefore, will be to the session laws, hereinafter cited by section number.

ings in the Superior Court of Guam." *Id.* § 9990.8(b). If the panel makes a finding of liability, the panel must continue proceedings for the purpose of reaching a settlement. *Id.* § 9990.10(a).

The Act next establishes an appeal procedure in which "[a]ny party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award." *Id.* § 9990.10(c). The Act specifies narrow grounds on which a court may vacate or correct an award.[2] Once the court confirms the award, the Act provides that "judgment shall be entered in conformity therewith," having "the same force and effect as . . . a judgment in a civil action." *Id.* § 9990.10(*o*).

After describing these mandatory arbitration and detailed review procedures, the Act sets forth the following guarantee to a jury trial:

It is the express intention of this Statute to preserve to every litigant the right to a trial by jury, following the decision of the Arbitrator. This right is guaranteed by this Statute. All Regulations adopted under this Statute shall prescribe the procedures to be followed in the guarantee of the right to trial by jury.

Bill No. 441, 13th Guam Legis., 1st Sess. § 9990.13(a), at 17 (enacted Dec. 23, 1975).[3]

## II. DISCUSSION

We affirm the decision of the Appellate Division of the District Court of Guam. The Act is inconsistent and unintelligible because it requires mandatory screening and arbitration while it preserves the statutory right to a jury trial. We cannot apply such inconsistent provisions. In so holding, we recognize that statutes have a strong presumption of validity and courts must make every effort to construe them to maintain the legislative intent. *See United States v. Vuitch,* 402 U.S. 62, 70, 91 S.Ct. 1294, 1298, 28 L.Ed.2d 601 (1971); *United States v. Shirey,* 359 U.S. 255, 260–61, 79 S.Ct. 746, 749, 3 L.Ed.2d 789 (1959). Nevertheless, these contradictory provisions are simply irreconcilable.

The appellants ("Guam Memorial") offer only one tenable theory to reconcile these conflicting provisions. Guam Memorial argues that the Act itself does not guarantee the right to a jury trial but merely contemplates the preservation of any such right that may already exist in Guam. Guam Memorial then reasons that because there is no constitutional right to a jury trial in Guam, this statutory jury trial language has no effect, and therefore does not conflict with the Act's mandatory screening and arbitration provisions.

We construe the language of section 9990.13(a) as a guarantee to a jury trial, rather than a mere preservation of any such right that may already exist in Guam. The language is clear and unequivocal: "It is

---

**2.** A court must vacate an award if it determines that:
> (1) The award was procured by corruption, fraud or other undue means;
> (2) There was corruption in any of the panel members;
> (3) The rights of such party were substantially prejudiced by misconduct of a panel member;
> (4) The panel members exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or
> (5) The rights of such party were substantially prejudiced by the refusal of the panel members to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the panel members to hear evidence material to the controversy or by other conduct of the panel members contrary to the provisions of this Chapter.

*Id.* § 9990.10(i). A court must correct the award if it determines that:
> (1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
> (2) The panel members exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted; or
> (3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

*Id.* § 9990.10(k).

**3.** This language is taken from the actual bill because the session laws copy of the Act (§ 9990.13(a)) omitted an entire line, making the second and third sentences unintelligible.

the express intention of this Statute to preserve to every litigant the right to a trial by jury," and "This right is guaranteed by this Statute." This court has held that statutes should not be construed to make mere surplusage of any statutory provision. *United States v. Marubeni America Corp.*, 611 F.2d 763, 767 (9th Cir.1980); *Pettis ex rel. United States v. Morrison-Knudsen Co.*, 577 F.2d 668, 673 (9th Cir.1978).

The district court examined and correctly rejected other possible explanations for these conflicting statutory provisions. The court considered whether section 9990.13(a) contemplates a jury trial after all arbitration proceedings and judicial review of them are complete. No provision of the Act, however, specifically allows a jury trial after the court has vacated or confirmed an award. Moreover, allowing a complete jury trial after the completion of the screening and arbitration proceedings would conflict with section 9990.10(*o*), which gives a confirmed award the "same force and effect as a judgment in a civil action." Finally, this construction renders the Act's mandatory screening and arbitration requirement meaningless because any party dissatisfied with the result could relitigate all of the issues before a jury. The settling of malpractice claims would then become more costly and less efficient, which is contrary to the Guam legislature's interest in "optimum efficiency," as stated in section 1(e).

Another attempt to harmonize these conflicting provisions would apply the section 9990.13(a) right to a jury trial to section 9990.8(b), which provides that the plaintiff may appeal a screening panel's finding of no liability in the Superior Court of Guam. As the district court noted, however, the use in section 9990.8(b) of the word "appeal" does not contemplate a jury trial and a *de novo* trial on the merits. Moreover, section 9990.13(a) guarantees "every litigant" the right to a jury trial. This interpretation would guarantee that right only when the screening panel found no liability.

The district court also examined and rightly rejected an interpretation of the Act which would apply the Act's jury trial guarantee to its review procedures for the arbitration decisions. The Act's review procedures for confirming, correcting or vacating an arbitration award are very narrow and do not explicitly mention or even seem to contemplate a jury trial. *See supra* note 2. A guarantee to a jury trial on such narrow grounds is really no guarantee at all. This attempt to harmonize the conflicting provisions radically changes the meaning of the guarantee in section 9990.13(a), again making it mere surplusage.

Guam Memorial objects to the district court's decision on another ground. The court took judicial notice of the fact that "the Presiding Judge of the Superior Court of Guam has been unable to determine exactly how the Act intends him to proceed in making these appointments [to the screening panels]" and "the agent charged with duties under the Act finds his charge completely unintelligible...." *Hammonds v. Boonprakong,* slip op. at 7. Guam Memorial argues that judicial notice of these facts was improper because they are "subject to reasonable dispute" under Rule 201 of the Federal Rules of Evidence.[4]

We tend to agree with Guam Memorial that the district court improperly took judicial notice of these adjudicative facts. *See* Fed.R.Evid. 201, advisory committee note (a) (high degree of indisputability is essential prerequisite); *United States v. Decker,* 600 F.2d 733, 738 n. 9 (9th Cir.) (agency official's opinions in "reasonable dispute" when not "generally known" or "capable of accurate and ready determination"), *cert. denied,* 444 U.S. 855, 100 S.Ct. 113, 62 L.Ed.2d 73 (1979). Nevertheless, we do not need to decide this issue because any error

---

4. Rule 201(b) provides:

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

committed was not prejudicial enough to require reversal.

The inconsistency between the Act's screening and arbitration procedures and its jury trial guarantee is readily apparent on the Act's face without taking judicial notice of the reason for its lack of enforcement. Moreover, the district court apparently did not rely on its judicial notice of these adjudicative facts. The "judicial notice" section follows the section in which the district court had already concluded that the Act "establishes a set of procedures that are completely inconsistent with trial by jury." *Hammonds v. Boonprakong,* slip op. at 6.

## III. CONCLUSION

The appellants urge this court to review the district court's decision "freely". In doing so, Guam Memorial ignores the special position of the district court as an appellate court in Guam. This appeal concerns the validity of a local law of Guam. This court has held that it "may not overturn the decision of the District Court of Guam on a matter of local law, custom or policy if the decision is based upon a tenable theory and is not inescapably wrong or manifest error." *Schenck v. Government of Guam,* 609 F.2d 387, 390 (9th Cir.1979); *see Gumataotao v. Government of Guam,* 322 F.2d 580, 582 (9th Cir.1963).

We find that the district court's decision is not "inescapably wrong or manifest error." Even under a stricter standard of review, the Act is so inconsistent and unintelligible in providing for mandatory screening and arbitration, as well as preserving the statutory right to a jury trial, that it cannot be applied. As the Supreme Court noted in reviewing a federal statute, "there are limits beyond which we cannot go in finding what Congress has not put into so many words or in making certain what it has left undefined or too vague for reasonable assurance of its meaning." *United States v. Evans,* 333 U.S. 483, 486, 68 S.Ct. 634, 636, 92 L.Ed. 823 (1948). The resolution of these conflicting provisions is "essentially the sort of judgment legislatures rather than courts should make." *Id.*

at 490, 68 S.Ct. at 638; *see Guam Power Authority v. Bishop of Guam,* 383 F.Supp. 476, 480 (D.Guam 1974); *In re Di Torio,* 8 F.2d 279, 281 (N.D.Ill.1925).

 We also agree with the district court's conclusion that the Act's severability provision, section 9990.14(c), cannot be given effect. We will not rewrite the statute and omit one or the other of the conflicting provisions as mere surplusage. *See Railroad Retirement Board v. Alton Railroad Co.,* 295 U.S. 330, 361–62, 55 S.Ct. 758, 767, 79 L.Ed. 1468 (1935). The decision of the Appellate Division of the District Court of Guam is therefore

AFFIRMED.