<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

ANTHONY JEFFERSON,

    Plaintiff - Appellee,

v.

LEONARD MOORE, Major, El Dorado
Correctional Facility; AUSTIN MERZ,
SST Officer, El Dorado Correctional
Facility; BRYAN BUCHMAN, SST
Officer, El Dorado Correctional Facility;
TRENTON BURK, COI Officer, El
Dorado Correctional Facility; ORLANDO
PEREZ, SST Officer, El Dorado
Correctional Facility; CLAY COOPER,
COI Officer, El Dorado Correctional
Facility,

      Defendants - Appellants,

and

SARA THATCHER, COI Officer, El
Dorado Correctional Facility;
CHRISTOPHER FINCH, CSI Officer, El
Dorado Correctional Facility;
CENTURION, Nursing Staff, El Dorado
Correctional Facility,

      Defendants.

No. 25-3020

_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 5:23-CV-03263-TC-TJJ)**
_____

Matthew L. Shoger, Assistant Attorney General (Kris Kobach, Attorney General, with him on the briefs) Office of Kansas Attorney General, Topeka, Kansas, for Defendants-Appellants.

Lia Rose Barrett (Patrick D. Powers with her on the briefs), Latham & Watkins LLP, Washington, DC, for Plaintiff-Appellee.

_____

Before **HARTZ**, **PHILLIPS**, and **MORITZ**, Circuit Judges.

_____

**HARTZ**, Circuit Judge.

_____

Plaintiff Anthony Jefferson filed a pro se civil-rights action under 42 U.S.C. § 1983 alleging that a group of officers and a nurse staffing company violated his Eighth and Fourteenth Amendment rights while he was imprisoned in a state facility. Six defendants (Defendants) filed a combined motion for dismissal of the complaint or summary judgment, relying on Eleventh Amendment immunity and qualified immunity. The district court denied the motion without prejudice. The court held that Defendants' motion exceeded the page limits set by the local rules and, alternatively, that their motion for summary judgment was premature. Defendants responded by filing this interlocutory appeal, requesting us to order the district court to immediately consider their motion. We dismiss the appeal for lack of subject-matter jurisdiction.

It is often said that Eleventh Amendment immunity and qualified immunity protect defendants not just from liability but also from the burdens of litigation. *See, e.g.*, *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143–45 (1993). This proposition is the rationale for permitting defendants claiming such immunity to invoke the collateral-order doctrine to appeal interlocutory orders denying their motions to

2

dismiss or motions for summary judgment. *See id.* But Defendants have taken that proposition well beyond its proper bounds. Anyone who is sued will suffer some burdens of litigation. What these immunities do is protect public officers from *significant* burdens. Requiring public officers to comply with nononerous procedural requirements does not impair a substantial public interest. Defendants are not entitled to interlocutory review of such requirements.

## I.    BACKGROUND

Plaintiff was incarcerated at the El Dorado Correctional Facility in Kansas, where he alleges that he was restrained, kneed, and choked during a medical emergency involving his lower back. After unsuccessfully seeking recourse through El Dorado's internal grievance process, Plaintiff filed a pro se complaint in December 2023 against eight prison officers and a nurse-staffing company in the United States District Court for the District of Kansas. The complaint alleged that the correctional officers violated his Eighth Amendment rights either by personally using excessive force against him or by failing to intervene against others doing so. Plaintiff also alleged a violation of his rights under the Equal Protection Clause of the Fourteenth Amendment, apparently because of the denial of his administrative grievance.

As part of common practice in this circuit for screening prisoner claims against government entities and their officers and employees, *see* 28 U.S.C. § 1915A(a), the district court ordered the state corrections department to prepare and file a *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (en banc). Under this procedure prison officials must "respond in writing to the various allegations, supporting

3

their response by affidavits and copies of internal disciplinary rules and reports." *Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987)*.* The purpose of the *Martinez* report is to "ascertain whether there is a factual as well as a legal basis for the prisoner's claims." *Id.* After Plaintiff filed a timely response to the report, the district court ruled that the matter survived screening under § 1915A, Defendants entered waivers of service, and defense counsel entered their appearances.

On January 14, 2025, Defendants filed a "Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment" (the Motion). Aplts. App. at 187 (capitalization omitted).[1] The Motion requested that the court "dismiss the claims against [Defendants] under Fed. R. Civ. P. 12(c) for lack of subject-matter jurisdiction and failure to state a claim, or alternatively that the Court grant summary judgment in their favor pursuant to Fed. R. Civ. P. 56." Aplts. App. at 187. It argued that Plaintiff's claims against Defendants in their official capacities were barred by Eleventh Amendment immunity and that the claims against them in their individual capacities were barred by qualified immunity.

At Defendants' request, on January 15 the magistrate judge stayed discovery until the district court ruled on the Motion. Nine days later, before Plaintiff's time to respond to the Motion had expired, the district court issued an order denying the Motion without prejudice (the Order). The court gave two reasons for this denial. First, the court took issue with the length and structure of the Motion. Noting that Defendants "styled their

---

[1] The remaining three defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(6). Their motions were granted while this appeal was pending.

4

motion as one for judgment on the pleadings under Rule 12 and seek dismissal for lack of subject-matter jurisdiction and for failure to state a claim," the court ruled that "the length of the [Motion] far exceeds that permitted for Rule 12 motions" under Local Rule 7.1(d) of the Kansas federal district court. Aplts. App. at 265.

Second, the court denied the motion insofar as it sought summary judgment because of timing considerations. It said that "[i]n the ordinary course, a defendant would file and litigate a single Rule 12 motion and then, after discovery closed, file a single Rule 56 motion that relies on the facts discovered." Aplts. App. at 265–66. The court acknowledged that Defendants were entitled to move for summary judgment at that time under Rule 56. But it pointed out that courts frequently deny summary-judgment motions at such an early stage when the case "has not yet developed, no discovery has occurred, and the parties' claims and defenses have not been formalized by way of a pretrial order." *Id.* at 266. At the end of its Order the court said that Defendants could file "an answer or other response" to the complaint by February 7. *Id.*

Instead of doing so, Defendants filed this interlocutory appeal, asserting jurisdiction under the collateral-order doctrine. Defendants argue that the district court erred in denying their summary-judgment motion as premature and abused its discretion by misapplying the page limits in the local rules. They ask that we reverse the court's Order and remand "for immediate consideration of their Motion." Aplts. Br. at 26. Because the collateral-order doctrine does not apply, we must dismiss this appeal for lack of subject-matter jurisdiction.

5

## II.    DISCUSSION

Defendants bear the burden of showing that we have appellate jurisdiction. *See Mohamed v. Jones*, 100 F.4th 1214, 1224 (10th Cir. 2024). Our jurisdiction is typically limited to appeals from "final decisions of the district courts of the United States." 28 U.S.C. § 1291. But the Supreme Court has recognized the collateral-order doctrine, interpreting § 1291 to accommodate interlocutory appeals from "a small class of rulings, not concluding the litigation, but conclusively resolving claims of right separable from, and collateral to, rights asserted in the action." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (internal quotation marks omitted). "The requirements for collateral order appeal have been distilled down to three conditions: that an order [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Id.* (internal quotation marks omitted). These conditions are "stringent." *Id.* (internal quotation marks omitted). In particular, when determining "whether an order is 'effectively' unreviewable if review is to be left until later," we look to whether denial of an immediate appeal "would imperil a substantial public interest." *Id.* at 353.

We regularly exercise jurisdiction under the collateral-order doctrine when a district court conclusively denies a defendant's pretrial assertion of absolute immunity, qualified immunity, or Eleventh Amendment immunity. *See id.* at 350. Because those immunities encompass "*immunity from suit* rather than a mere defense to liability," the impairment of such immunity by the denial cannot be remedied once the trial is over;

6

thus we say that the propriety of the denial is, at least in part, "effectively unreviewable on appeal from a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985).

The typical collateral-order appeal in this context is from an explicit, unqualified denial of immunity, such as a denial of a motion to dismiss or motion for summary judgment. On occasion, however, a district court violates a defendant's immunity from the burdens of litigation by *failing to rule* on a dispositive motion based on immunity. *See Montoya v. Vigil*, 898 F.3d 1056, 1063 (10th Cir. 2018) ("the district court's silence can operate as an implicit denial that is immediately appealable"). For instance, when a district court twice said that it would not rule on the defendants' qualified-immunity defense until trial, we took jurisdiction, explaining that "if we deny appellate review when a district court postpones until trial a ruling on a qualified immunity defense, a defendant would stand to lose whatever entitlement he or she might otherwise have not to stand trial." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). We likewise took the appeal when the district court had entirely failed to consider the defendants' qualified-immunity defenses to two of the plaintiff's claims. *See Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1380 (10th Cir. 1998). Following other circuits, we concluded that "orders failing or refusing to consider qualified immunity are also immediately appealable." *Id.*; *accord, e.g.*, *Nero v. Mosby*, 890 F.3d 106, 125 (4th Cir. 2018) (order appealable where district court denied defendant's motion to dismiss without expressly rejecting her immunity defense).

But not every delay in ruling on qualified immunity merits interlocutory appeal. In *Workman* we recognized that our earlier decision in *Maxey ex rel. Maxey v. Fulton*, 890

7

F.2d 279 (10th Cir. 1989), had held "that an order is not immediately appealable if it defers a decision on a qualified immunity claim because the claim turns, at least partially, on a fact question; the court is unable to rule on the claim without further factual clarification; and the court permits discovery narrowly tailored to uncover only those facts needed to rule on the claim." *Workman*, 958 F.2d at 336. And we cited with approval the decision in *Smith v. Reagan*, 841 F.2d 28 (2d Cir. 1988), which we described as adopting the proposition that an "order holding in abeyance [a] motion to dismiss on Eleventh Amendment immunity grounds, otherwise immediately appealable, might not be immediately appealable if [it is] based on [the] need for discovery or other pretrial proceedings relating to [the] disposition of [the] motion." *Workman*, 958 F.2d at 336.

Defendants object to the district court's denial of their hybrid motion for judgment on the pleadings or summary judgment. They assert that "[t]o deny [Defendants] the ability to raise qualified-immunity arguments through summary judgment and force them to go through the full burdens of pre-trial discovery is to deny them qualified immunity by postponing it, which is immediately appealable to this Court." Aplts. Mem. Br. at 11 (also raising the same argument with respect to Eleventh Amendment immunity). And they complain that they were conclusively denied the protections of immunity by the district court's alternative holding that "even without the [page-limit] issue, Defendants' motion for summary judgment would be denied without prejudice because it is premature." Aplts. App. at 266.

An accurate rendition of what happened here reveals, however, that the only thing that Defendants were deprived of was the opportunity to circumvent ordinary "pretrial proceedings relating to [the] disposition of [a] motion." *Workman*, 958 F.2d at 336. If they wished to have the district court rule on their motion for judgment on the pleadings, all they needed to do was resubmit it as a separate motion subject to the local rules limiting its length. The burden of doing so is not the sort of litigation burden that justifies interlocutory appeal. Even if the district court had erred in interpreting the local rule, that error would not "imperil a substantial public interest." *Hallock*, 546 U.S. at 353. No sane system of judicial procedure would encumber the courts (and the parties) with an interlocutory appeal to correct such a rather inconsequential error.

More significant would be the burden of subjecting Defendants to discovery proceedings. But there was no realistic chance of that happening before the district court could rule on the motion for judgment on the pleadings. At Defendants' request, the magistrate judge had stayed discovery "until the District Judge rules on these Defendants' Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment." Aplts. App. at 262 (order staying discovery and pretrial proceedings). And she explained that "[b]ecause qualified immunity is an immunity from suit and not merely a defense to liability, the Court will not require these Defendants to engage in potentially expensive and time-consuming discovery unless and until after the qualified immunity question is decided." Aplts. App. at 263. Given that explanation, if Defendants had any concern that discovery would begin after the district court's dismissal without prejudice of the Motion,

9

they could easily have obtained an extension of the discovery stay from the magistrate judge.

As for the district court's ruling that a summary-judgment motion would be premature, that decision (which, by the way, we think a prudent one) would not imperil any substantial public interest. *See Workman*, 958 F.2d at 336 (noting the propriety of delaying a ruling on qualified immunity until conduct of narrowly tailored discovery). Perhaps, because of the *Martinez* report, discovery would be limited, or even unnecessary. But there would be no substantial burden on Defendants' immunity from litigation by awaiting resolution of the motion for judgment on the pleadings and any discovery relevant to immunity.

Finally, we address Defendants' reliance on *Siegert v. Giley*, 500 U.S. 226, 231 (1991), for the proposition that discovery should not be allowed even when qualified immunity is raised in a motion for summary judgment. Defendants distort that opinion. In *Siegert* the Supreme Court focused on one specific issue—whether qualified immunity was appropriate because of the absence of any clearly established law prohibiting the alleged misconduct of the officers. *See id*. That "purely legal question" did not require discovery. *Id.* at 232; *see id.* at 227 (plaintiff's "allegations, even if accepted as true, did not state a claim"). Ordinarily, it could be resolved on a motion for judgment on the pleadings. And resolving it at the outset, as *Siegert* instructs, is appropriate to spare the defendant officers from significant unnecessary burdens of litigation. But *Siegert* is not apposite when the motion for summary judgment cannot be resolved on the allegations in the complaint. Nothing in *Siegert* prevents a district court from delaying a summary

10

judgment ruling until it has determined whether limited discovery is needed to resolve immunity claims. Defendants make essentially the same error in their reliance on our decision in *Stonecipher v. Valles*, 759 F.3d 1134, 1148–49 (10th Cir. 2014).

### III.    CONCLUSION

We **DISMISS** Defendants' appeal for lack of subject-matter jurisdiction.