332

Robert WORKMAN; Judy Workman,
Plaintiffs–Appellees,

v.

Sheriff Ed JORDAN, in both his individual capacity and official capacities; Captain Michael Miller, in his official capacity; David Worden, in his individual and official capacities; Weld County By and Through the Board of County Commissioners of the County of Weld, Defendants,

and

Undersheriff Rick Dill, in both his individual and official capacities, Defendant–Appellant.

Robert WORKMAN; Judy Workman,
Plaintiffs–Appellees,

v.

Sheriff Ed JORDAN, in both his individual capacity and official capacities; David Worden, in his individual and official capacities, Defendants–Appellants,

and

Undersheriff Rick Dill, in both his individual and official capacities; Captain Michael Miller, in his official capacity; Weld County By and Through the Board of County Commissioners of the County of Weld, Defendants.

Sheriff Ed JORDAN; Undersheriff Rick Dill; David Worden, Petitioners,

v.

Richard P. MATSCH, District Judge, Respondent,

and

Robert Workman and Judy Workman, Real Parties in Interest.

Nos. 91–1067, 91–1132, 91–1151.

United States Court of Appeals,
Tenth Circuit.

March 16, 1992.

Marc F. Colin and Richard A. Stubbs, of Bruno, Bruno & Colin, P.C., Denver, Colo., for plaintiffs-appellees.

Cathy H. Greer, Malcolm S. Mead, and Catherine A.G. Sparkman, of Hall & Evans, Denver, Colo., for defendant-appellant Undersheriff Rick Dill.

Christina M. Habas, of Watson Nathan & Bremer, P.C., and Robert M. Liechty and Theodore S. Halaby, of Halaby & McCrea, Denver, Colorado, for defendants–appellants Sheriff Ed Jordan and David Worden.

Before MOORE, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Defendants Ed Jordan, Rick Dill, and David Worden appeal from orders postponing until trial a decision on their motions to dismiss Plaintiffs' complaint on grounds of qualified immunity. Defendants request that if we conclude we lack jurisdiction over their appeals, we grant mandamus compelling the district court to decide their motions before trial. We conclude that we have jurisdiction of the appeals, that mandamus does not lie, and that the district court should have addressed the motions to dismiss. We therefore reverse and remand for further proceedings and dismiss the mandamus petition.[1]

Plaintiff Robert Workman was employed by the Weld County, Colorado, Sheriff's Department as a captain. In October 1989, Undersheriff Rick Dill served Workman with notification that allegations had been made that Workman may have sexually harassed a female employee. An investigation was conducted. Workman attended a "predetermination hearing" on November 8, 1989, with Dill and Sheriff Ed Jordan. At the conclusion of the hearing, Jordan terminated Workman.

Workman appealed the termination and was afforded a hearing. The hearing officer reversed the termination and ordered Workman reinstated with full back pay. After Workman returned to work, Dill and Jordan placed a letter of reprimand in Workman's personnel file, gave him a neg-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals and the man-damus proceeding. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

ative performance evaluation, and applied a new "reentry plan" to him.

Workman and his wife filed this action against Dill; Jordan; David Worden, the Weld County Personnel Director; Michael Miller, a Weld County Sheriff's Department supervisor; and Weld County. Dill, Jordan, and Worden were sued in their individual and official capacities, Miller in his official capacity only. The complaint alleged deprivations of property and liberty interests without due process and violations of First Amendment rights. It also alleged several state law claims.

Dill moved under Fed.R.Civ.P. 12(b) [2] to dismiss the federal constitutional claims against him in his individual capacity on grounds of qualified immunity. The district court, without explanation, postponed disposition of the qualified immunity issue until trial. Jordan, Miller, and Worden later joined in Dill's motion to dismiss. The district court, again without explanation, orally postponed their motion to dismiss until trial.

Dill appealed from the order postponing resolution of his motion to dismiss, case No. 91–1067. Jordan, Worden, Miller, and Weld County appealed from the subsequent oral order postponing resolution of Jordan, Worden, and Miller's motion to dismiss,[3] case No. 91–1132. After we questioned our jurisdiction over case No. 91–1067,[4] Jordan, Dill, and Worden commenced an original proceeding in the nature of mandamus to compel the respondent district court judge to consider and decide their pending motions to dismiss based on qualified immunity, case No. 91–1151.

### I.

 Mandamus is used to compel a lower court to exercise its jurisdiction when it has a duty to do so. *Mallard v. United States Dist. Court,* 490 U.S. 296, 308, 109 S.Ct. 1814, 1821, 104 L.Ed.2d 318 (1989). Mandamus is a drastic remedy which is to be invoked only in extraordinary situations. A petitioner must demonstrate a clear abuse of discretion or conduct amounting to usurpation of judicial power; that petitioner lacks an adequate alternative means to obtain the relief he or she seeks; and that the right to issuance of the writ is clear and indisputable. *Id.* at 309, 109 S.Ct. at 1822. "[M]andamus cannot be used as a substitute for appeal." *United States v. Taylor,* 798 F.2d 1337, 1341 (10th Cir.1986). The availability of review by interlocutory appeal "necessarily decreases the availability of the extraordinary writ [of mandamus]." *See Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.),* 911 F.2d 380, 386 (10th Cir.1990). We therefore first address whether defendants have a remedy by appeal.

Courts of appeals have jurisdiction over appeals from final district court decisions pursuant to 28 U.S.C. § 1291. A nonfinal district court decision is also appealable under this section if it "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). A major characteristic of an order appealable under *Cohen*'s "collateral order" doctrine is that " 'unless [the order] can be reviewed before [the proceedings terminate], it never can be reviewed at all.' " *Mitchell v. Forsyth,* 472 U.S. 511, 525, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) (quoting *Stack v. Boyle,* 342 U.S. 1,

---

**2.** A defendant can "challenge the complaint under Fed.R.Civ.P. 12(b)(6) on the ground that he or she is entitled to qualified immunity because the pleaded facts fail[ ] to show that his or her conduct violated clearly established law of which a reasonable person would have known," or the defendant can raise the immunity issue in a summary judgment motion. *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio,* 847 F.2d 642, 646 (10th Cir.1988).

**3.** We subsequently dismissed Miller and Weld County from case No. 91–1132 at their request.

**4.** Plaintiffs also moved to dismiss case Nos. 91–1067 and 91–1132 for lack of jurisdiction. This court referred those motions to the panel assigned to hear the cases on the merits. We now deny both motions.

12, 72 S.Ct. 1, 7, 96 L.Ed. 3 (1951) (opinion of Jackson, J.)). A decision is reviewable under *Cohen* if it denies a right that "cannot be effectively vindicated after the trial has occurred." *Id.*

■ The defense by a public official based on a claim of qualified immunity, if successful, protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). *Mitchell* held that a denial of a claim of qualified immunity, to the extent that the denial turns on an issue of law, is immediately appealable. 472 U.S. at 530, 105 S.Ct. at 2817. The Court reasoned that qualified immunity "is an *immunity from suit* rather than a mere defense to liability ... [that] is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 526, 105 S.Ct. at 2815. Further, such an order conclusively determines the defendant's claim of right not to stand trial. *Id.* at 527, 105 S.Ct. at 2816. Finally, the Court noted it has recognized that "a question of immunity is separate from the merits of the underlying action for purposes of the *Cohen* test." *Id.* at 528–29, 105 S.Ct. at 2817.

■ The present appeals are from orders *postponing* a decision on qualified immunity claims rather than denying such claims. Defendants nevertheless argue that the orders fall within the collateral order rule because, unless the orders are immediately appealable, defendants will lose their right to be free from the burdens of pretrial discovery and trial; postponing a decision on the qualified immunity issue conclusively determines that defendants will not be free from having to stand trial; and the issues raised in the qualified immunity defense are separable from and collateral to the rights asserted in the action.

The Fifth Circuit has concluded that an order failing or refusing to decide a qualified immunity claim is immediately appealable under *Mitchell.* In *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir.1986), defendants moved to dismiss on grounds of absolute and qualified immunity. The district court ordered that the motion would not be decided before trial. The *Helton* court concluded that the order was appealable under the collateral order test because

[f]irst, like an explicit denial of a claim of absolute or qualified immunity, the refusal to rule on a claim of immunity until trial is 'effectively unreviewable on appeal from a final judgment.' In both cases a defendant's entitlement under immunity doctrine to be free from suit and the burden of avoidable pretrial matters is effectively lost if the case erroneously goes to trial. Second, like the denial of a claim of immunity, the refusal to rule on such claims 'conclusively determines the defendant's claim of right not to *stand trial* ... because "[t]here are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred." ' Third, apart from whether a district court denies or refuses to rule on the claim of immunity, the claim of immunity in both cases 'is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated.'

*Id.* (quoting *Mitchell*, 472 U.S. at 527–28, 105 S.Ct. at 2816) (other citations omitted). The court reversed the order and remanded the matter to the district court to consider the motion to dismiss. *Id.*

*Helton*'s holding was adopted by the Eighth Circuit in *Craft v. Wipf*, 810 F.2d 170, 173 (8th Cir.1987), and the Second Circuit in *Musso v. Hourigan*, 836 F.2d 736, 741 (2d Cir.1988), both of which allowed an appeal from an order that failed to rule on a qualified immunity defense. *See also Zayas–Green v. Casaine*, 906 F.2d 18, 23 (1st Cir.1990) (relying on *Musso, Craft,* and *Helton,* court concluded that defendants had right to appeal from pretrial order refusing to entertain motions raising qualified immunity); Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3914.10 at 674–75 (1992) ("[T]he purpose of protecting officials against the burdens of trial preparation and trial suggests that at some point appeal should be available from failure to

make a pretrial ruling on an immunity defense. . . .").

We agree with the Second Circuit's reason for following *Helton:* if we deny appellate review when a district court postpones until trial a ruling on a qualified immunity defense, a defendant would stand to lose whatever entitlement *he or she might otherwise have not to stand trial. Musso*, 836 F.2d at 741. For the reasons set forth in *Helton,* we hold that we have jurisdiction of the appeals from the orders postponing a decision on the motions to dismiss.[5]

This holding does not affect our decision in *Maxey ex rel. Maxey v. Fulton*, 890 F.2d 279, 282–83 (10th Cir.1989), that an order is *not immediately appealable if it defers a decision on a qualified immunity claim because the claim turns, at least partially, on a fact question; the court is unable to rule on the claim without further factual clarification; and the court permits discovery narrowly tailored to uncover only those facts needed to rule on the claim. See also Lewis v. City of Ft. Collins*, 903 F.2d 752, 754 (10th Cir.1990). The Fifth and Second Circuits recognize this distinction. *See Lion Boulos v. Wilson*, 834 F.2d 504, 507–08 (5th Cir.1987); *Gaines v. Davis*, 928 F.2d 705, 707 (5th Cir.1991); *Smith v. Reagan*, 841 F.2d 28, 31 (2d Cir.1988) (order holding in abeyance motion to dismiss on Eleventh Amendment immunity grounds, otherwise immediately appealable, might not be immediately appealable if based on need for discovery or other pretrial proceedings relating to disposition of motion).

■ Having concluded that defendants have a remedy by appeal, we deny their Petition for Writ of Mandamus.

## II.

■ Turning to the merits of the appeals, we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. *Siegert v. Gilley*, — U.S. ——, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred. *Id.* The question is purely legal, *id.*, and a court cannot avoid answering the question by framing it as factual. *Losavio*, 847 F.2d at 646. The court must first determine whether the actions defendants allegedly took are "actions that a reasonable [person] could have believed lawful." *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987). If the actions are those that a reasonable person could have believed were lawful, defendants are entitled to dismissal before discovery. If the actions are not those that a reasonable person could have believed were lawful, then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved. However, any such discovery must be tailored specifically to the immunity question. *Id.* at 646–47 n. 6, 107 S.Ct. at 3042 n. 6.

Certainly, if discovery should not be allowed until the threshold question is resolved, a case should not be permitted to proceed to trial until the question is resolved. In the absence of a showing of unresolved facts bearing on the immunity issue, the district court erred in postponing until trial a decision on the motions to dismiss.

■ The parties ask us to decide the qualified immunity issue. While there is authority for the parties' request, *see Laidley v. McClain*, 914 F.2d 1386, 1394 (10th Cir.1990) (court addressed issue of qualified immunity on the merits although dis-

---

5. Although the oral ruling may have lacked procedural formality for purposes of appeal, we allow the appeal from this ruling because there is no question as to its finality, *see Aviles v. Lutz*, 887 F.2d 1046, 1047 n. 1 (10th Cir.1989), plaintiffs have not raised the issue, *see Stubbs v. United States*, 620 F.2d 775, 776 n. 1 (10th Cir. 1980), the issue disposed of by this ruling was the same as that decided in the written order,

and the rights involved are important, *see United States v. Gurney*, 558 F.2d 1202, 1207 (5th Cir.1977), *cert. denied*, 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59 (1978). *See also Central Milk Producers Coop. v. Sentry Food Stores, Inc.*, 573 F.2d 988, 990 (8th Cir.1978) (allowing appeal from oral ruling under collateral order doctrine).

trict court declined to rule on it where appellees raised issue on appeal and all of the pertinent facts were in the record before the court), as a general rule, a federal appellate court does not consider an issue not passed upon below. *R. Eric Peterson Constr. Co. v. Quintek, Inc. (In re R. Eric Peterson Constr. Co.)*, 951 F.2d 1175, 1182 (10th Cir.1991). We therefore conclude the matter should be remanded to the district court.

The order of the United States District Court for the District of Colorado is REVERSED, and the matter is REMANDED to the district court for consideration of the motions to dismiss. The Petition for Writ of Mandamus is DENIED.