977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles M. BYERS, Plaintiff-Appellant,
v.
Anthony BELASKI, Defendant-Appellee.
 No. 92-1064.
 United States Court of Appeals, Tenth Circuit.
 Sept. 29, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Charles M. Byers, a federal pro se plaintiff, appeals from an order of the district court dismissing his complaint without prejudice. Byers asserted eight causes of action seeking only monetary damages under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. § 2671-81. Byers did not identify which of the actions were asserted under Bivens and which were asserted under the Federal Tort Claims Act, but the district court construed the pleadings liberally and considered all of the claims as though brought under both Bivens and the Federal Tort Claims Act.
 
 
 3
 The case was referred to a magistrate judge who recommended that the actions under Bivens be dismissed because Byers had failed to exhaust his administrative remedies. The district court adopted the magistrate judge's recommendations regarding the claims under Bivens, and dismissed the actions under the Federal Tort Claims Act without prejudice because Byers failed to assert facts which give rise to an actionable tort as defined by Colorado law. The district court also denied Byers's request for appointment of counsel. We exercise jurisdiction under 28 U.S.C. § 1291, and vacate and remand the district court's order dismissing Byers's actions under Bivens and denying the appointment of counsel, and affirm the order dismissing the claims under the Federal Tort Claims Act. We do not consider the four counts (counts 9-12) that Byers raises for the first time on appeal. See Workman v. Jordan, 958 F.2d 332, 337 (10th Cir.1992).
 
 
 4
 In McCarthy v. Maddigan, --- U.S. ----, 112 S.Ct. 1081 (1992), decided after the district court's judgment, the Supreme Court held that prisoners seeking only monetary damages may file Bivens actions without first exhausting available administrative remedies. Byers sought only monetary relief, and thus is not required to exhaust the internal grievance procedures before initiating a suit in federal court. Therefore, we reinstate Byers's action for damages.
 
 
 5
 The district court dismissed Byers's actions under the Federal Tort Claims Act for failure to "assert facts which give rise to an actionable tort as defined by Colorado law." "[A] sua sponte dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991) (quoting Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C.Cir.1990)). We have construed the pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and reviewed the facts in the light most favorable to the plaintiff-appellant. We agree with the district court that Byers has not alleged facts sufficient to establish that the defendants committed a tort under Colorado law as required by the Federal Tort Claims Act. See Gammill v. United States, 727 F.2d 950, 953 (10th Cir.1984).
 
 
 6
 Accordingly, we VACATE the district court's order dismissing Byers's actions under Bivens and REMAND for further proceedings according to McCarthy and for reconsideration of Byers's request for the appointment of counsel. We AFFIRM the district court's dismissal under the Federal Tort Claims Act. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3