F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ANTHONY HERNANDEZ,

        Plaintiff - Appellant,

v.

MR. MICHAUD, Chief of Denver Police;
MR. OLIVA, Chief of County Jail; E. L.
ROY; R. J. ROMERO; P. A.
MANZANAREZ; F. S. VESSA; T. D.
FULLER; J. SEWELL; L. C.
DOMINQUES; L. L. STEVENSON; F. J.
SPINHARNEY; D. M. DELMONICO; J.
A. HART; P. BEAULIEU; N. WASHER;
JOHN SIMONET, Director of
Corrections; T. A. SASIM, Captain of
Operations; SGT. YAMAMOTO, Sgt. of
Operations; P. R. RODRIGUEZ, Deputy;
P. H. SANCHEZ, Sgt. of Operations;
SGT. FRANK, Sgt. of Receiving;
WELLINGTON WEBB, Mayor of
Denver; MANAGER OF SAFETY FOR
THE CITY AND COUNTY OF
DENVER; DENVER COUNTY JAIL,
hospital personnel, and any other
person(s) who by act, omission, of
knowledge of the events, without stopping
or reporting same,

        Defendants - Appellees.

No. 96-1525

(D.C. 94-K-686)

(D. Colo.)

---

ORDER AND JUDGMENT[*]

Before BALDOCK, McKAY, and LUCERO, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff brought an action naming twenty-two individuals and Denver County Jail officials as defendants under 42 U.S.C. § 1983 alleging the use of unreasonable force during and after his arrest. Plaintiff also alleged that he was denied access to the jail law library prior to his state criminal trial and during appellate review of his criminal conviction. Plaintiff was represented by counsel until one week before his criminal trial when his counsel was granted leave to withdraw. Plaintiff represented himself during his criminal trial, but had counsel appointed for his criminal appeal. Appointed counsel also represented Plaintiff at trial in the section 1983 action at issue here.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The record before us indicates that prior to, or at the beginning of, trial, counsel for both parties submitted a stipulated set of jury instructions and verdict forms naming the two arresting officers, Officers Romero and Stevenson, as the sole Defendants. The record also reflects that Plaintiff's claim regarding access to the jail law library was not pursued at trial. Plaintiff only argued the unreasonable force claim against the two arresting officers to the jury.

After a jury verdict in favor of the arresting officers, Plaintiff's counsel was granted leave to withdraw from his representation of Plaintiff. Plaintiff, proceeding *pro se*, filed a notice of appeal naming "Mr. Michaud, et al.," as Appellees. That notice was rejected by this court on the grounds that the judgment from which the appeal was taken did not appear to resolve all claims against all defendants and therefore was not final.[1] After mesne and sundry proceedings, the district court entered an order *nunc pro tunc* confirming that, before trial, Plaintiff had waived his claims against all Defendants except the two officers he proceeded against at trial, and formally dismissing the action against all other Defendants. Hernandez v. Officers Romero & Stevenson, No. 94-K-686 (D. Colo. Sept. 11, 1997) (*nunc pro tunc* order amending prior judgment). Because the *nunc*

---

[1] No formal motion to dismiss the other Defendants was submitted to the trial court. Additionally, the caption on the final stipulated pretrial order identified the defendants as "Mr. Michaud, et al.," and referred only to "Defendants," even though Plaintiff proceeded against only Officers Romero and Stevenson at trial.

*pro tunc* order stated that the judgment entered resolved all issues against all Defendants, we exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

The district court permitted Plaintiff leave to bring this appeal *pro se*, after paying an initial partial filing fee. However, because the court would not certify that the issues on appeal were not frivolous and presented a substantial question for adjudication, it held that Plaintiff was not entitled to a trial transcript at the government's expense pursuant to 28 U.S.C. § 753(f). R., Vol. I, Exh. 94.

In this appeal, Plaintiff contends that the dismissal of the action against all Defendants except Officers Romero and Stevenson was improper, and that the dismissal of his claim of denied access to the law library was erroneous. Plaintiff also argues that he was denied a full and fair opportunity to present his claims to the trial court, and therefore the verdict in favor of the arresting officers is invalid. Based on the record before us, we conclude that Plaintiff's arguments have no merit.

We reiterate that Plaintiff was represented by counsel in this civil action. The trial minutes reflect that Plaintiff proceeded at trial against only Officers Romero and Stevenson. This necessarily indicates that Plaintiff's counsel would no longer pursue claims against the other Defendants, including those who allegedly denied Plaintiff access to the law library. R., Vol. I, Exh. 77. The actions of Plaintiff's counsel are binding on Plaintiff because a party authorizes counsel to act as its agent. See Westinghouse Elec. Corp. v. Kerr-McGee Corp., 580 F.2d 1311, 1319 (7th Cir.), cert. denied, 439 U.S. 955

4

(1978); Committee on Prof'l Ethics & Grievances v. Johnson, 447 F.2d 169, 174 (3d Cir. 1971). The record also indicates that some of the Defendants were entitled to dismissal as a matter of law, based upon their right to qualified immunity. See Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) ("[W]e reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation."); see also Hernandez, No. 94-K-686, at 3. Additionally, there is some evidence in the record to support the abandonment of Plaintiff's claim that he was denied access to the prison law library. Defense counsel acquired prison documents that show Plaintiff did visit the law library during the period in question.[2] These documents also indicate that Plaintiff failed to appear for other scheduled visits to the law library. See R., Vol. I, Exh. 70 at 7-8. We hold that the district court's *nunc pro tunc* order formally dismissing all Defendants except Officers Romero and Stevenson was not erroneous. Because the judgment in the suit against the two officers "resolved all issues against all Defendants," Plaintiff has no defendant against whom he may proceed. Therefore, the implied dismissal of Plaintiff's claim that he was denied law library access was not erroneous.

Plaintiff further contends that he was denied a full and fair opportunity to present his case to a jury. He alleges that the trial court improperly denied his offer of proof and

---

[2] An exhibit provided by Defendants included a set of documents showing Plaintiff's library visits in January, February, and March of 1994. Plaintiff's criminal trial was held on February 7, 1994, and his notice of appeal was filed in April 1994.

erroneously excluded the testimony of witnesses who previously had brought claims of excessive force against the same defendants, Officers Romero and Stevenson. We review a district court's evidentiary rulings for an abuse of discretion. Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1433 (10th Cir. 1993). While the proffered evidence could be viewed as bolstering Plaintiff's claims, it was unfavorable to Plaintiff's case in other respects. See R., Vol. I, Exh. 77. We conclude that the district court did not abuse its discretion in denying Plaintiff's offer of proof. We also believe that the prior bad act testimony of Plaintiff's witnesses was properly excluded under Federal Rule of Evidence 404. We therefore hold that Plaintiff was not denied a full and fair opportunity to present his claims at trial.

The absence of a trial transcript prevents a more detailed review of the issues raised than we have given. The sparse record available to us leads us to conclude that Plaintiff's claims have no merit and the district court did not err by finding that a trial transcript at government expense was not justified. To the extent that Plaintiff raises an ineffective assistance of counsel claim, we dismiss that claim without prejudice. Such claims should be brought in a collateral proceeding pursuant to 28 U.S.C. § 2255. See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

The judgment of the district court is hereby AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge