**Karen J. WILLIAMS, Plaintiff–Appellant,**

**v.**

**VALENCIA COUNTY SHERIFF'S OFFICE (VCSO); John Mallory, also known as U.S. Department of Drug Enforcement Officer, Detective; Juan** Julian, Sheriff; D.C. Jackson, Undersheriff; Arley Sanchez, a private individual; Valencia County Sheriff's Office Civilian Employees; Debra Mallory; Donna Wardlow; Connie Carter; Anna Marquez; Los Lunas Magistrate Court Clerks; Carla Gonzales; Lisa Waggoner; Teresa Chavez; Belen Magistrate Court Clerks; Brenda Gallegos; J. Sanchez; Valencia County Commission; Audi Miranda, State Police Officer; Steve Sharon, Attorney General's Office Investigator; State of New Mexico; N.M. Attorney General's Office; N.M. Department of Public Safety; Drug Enforcement Agency; Wes Mallory, Captain, Defendants–Appellees.

No. 01–2131.

United States Court of Appeals, Tenth Circuit.

April 10, 2002.

Before HENRY, ANDERSON, and LUCERO, Circuit Judges.

### ORDER AND JUDGMENT *

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Karen J. Williams, appearing *pro se*, appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint against numerous New Mexico state and county agencies and officials, in their offi-

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

cial and individual capacities, and other defendants. The parties are familiar with the facts of this case, which are accurately and thoroughly set forth in the district court's orders of dismissal. Thus, we will not repeat them here. Because the magistrate judge and district court did not abuse their discretion in denying plaintiff further discovery and because plaintiff failed to present any evidence demonstrating that any of the defendants violated her constitutional rights, we affirm.

■ We review plaintiff's challenges to the district court's and magistrate judge's discovery rulings for an abuse of discretion. *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir.1999). We review a grant of summary judgment *de novo*, applying the same standards as the district court. *Thomas v. IBM*, 48 F.3d 478, 484 (10th Cir.1995); *see also DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir.2001) ("We review the legal issues surrounding the grant of qualified immunity de novo."). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R.Civ.P. 56(c)).

### Discovery Issues

After the district court dismissed several defendants because the claims against them were barred by sovereign, qualified and absolute immunity, the magistrate judge stayed further discovery because the remaining defendants advised the court that they would soon be filing motions to dismiss or for summary judgment based on qualified immunity. *See Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.1992) (holding that when qualified immunity de-

fense raised, the district court should stay discovery until the immunity issue is resolved). The district court and magistrate judge informed plaintiff on at least three occasions that if she believed additional discovery were needed, she needed to file an affidavit pursuant to Fed.R.Civ.P. 56(f) seeking authorization to conduct discovery. The defendants moved for summary judgment, which was granted by the district court.

■ Plaintiff first argues the district court erred in considering defendants' motion for summary judgment because no date was set for filing such motions in the initial pretrial report. This argument lacks merit because Fed.R.Civ.P. 56(b) expressly permits defendants to move for a summary judgment at any time.

■ Plaintiff next argues that the district court erred in considering defendants' motions to dismiss and for summary judgment before she had an opportunity to complete discovery. There is no requirement that discovery be completed before a district court awards summary judgment. *See Weir v. Anaconda Co.*, 773 F.2d 1073, 1081 (10th Cir.1985). As the district court and magistrate judge informed plaintiff, if a party requires additional discovery to respond to a summary judgment motion, that party must file an affidavit pursuant to Rule 56(f). *See id.* at 1082. Plaintiff did not file such an affidavit. "Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832–33 (10th Cir.1986). Thus, the district court did not abuse its discretion in not allowing further discovery before ruling on

the motions to dismiss and for summary judgment.

▮ Following the grant of summary judgment, plaintiff filed a motion for reconsideration under Fed.R.Civ.P. 59(e) and 60(b), claiming she had been unaware she was required to file a Rule 56(f) affidavit in order to obtain further discovery. She contends the district court erred in denying this motion. Plaintiff failed to demonstrate any manifest error of law warranting relief under Rule 59(e) and failed to meet the threshold requirements for relief under Rule 60(b). Her assertion she was unaware she needed to file a Rule 56(f) motion is belied by the record. As noted above, the magistrate judge clearly informed plaintiff of the required procedure for obtaining additional discovery at the Rule 16 conference, including the requirement that she file a Rule 56(f) affidavit, and this information was repeated to plaintiff in at least two written orders entered prior to the summary judgment order. Plaintiff's *pro se* status does not excuse her obligation to comply with the fundamental requirements of the Federal Rules of Civil procedure and the explicit orders of the magistrate judge and district court. *See Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994). The district court did not abuse its discretion in denying plaintiff's motion.

## Liability Issues

▮ Plaintiff contends the district court erred in dismissing her claims against the defendants. We have carefully reviewed plaintiff's complaint and pleadings, as well as the entire record on appeal. We agree that plaintiff failed to present any evidence demonstrating that any of the defendants violated her constitutional rights. In many of plaintiff's allegations of error, she asserts that genuine issues of fact precluded summary judgment because the evidence presented by defendants was at odds with her allegations of wrongdoing. However, she presented only unsupported and conclusory allegations, which do not create an issue of fact. *See Matthiesen v. Banc One Mortgage Corp.,* 173 F.3d 1242, 1247 (10th Cir.1999). Where the nonmovant will bear the burden of proof at trial on a dispositive issue, "that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *McKnight v. Kimberly Clark Corp.,* 149 F.3d 1125, 1128 (10th Cir.1998) (quotation marks omitted).

▮ We conclude that the district court correctly ruled that plaintiff's allegations against the county clerk defendants involved actions for which they are entitled to absolute quasi-judicial immunity. *See Whitesel v. Sengenberger,* 222 F.3d 861, 869 (10th Cir.2000) (holding that non-judicial officers performing discretionary or ministerial acts are entitled to absolute quasi-judicial immunity). With respect to plaintiff's claims that these clerks falsified or destroyed records and altered tapes of the hearings, the district court correctly ruled that plaintiff failed to present any evidence in support of her allegations and failed to controvert the clerks' affidavits denying her allegations.

▮ We also conclude that the district court correctly dismissed plaintiff's individual capacity claims against defendant Steve Sharon, an investigator with the New Mexico Attorney General's office. Her allegation that he was grossly negligent in investigating her complaints is insufficient to establish a constitutional violation. *See Romero v. Fay,* 45 F.3d 1472, 1478 (10th Cir.1995) (holding that allegations of police officer's negligent investiga-

tion do not state a cognizable § 1983 action).

The district court correctly dismissed plaintiff's claims against Audi Miranda, a New Mexico state police officer, and John Mallory, a police officer with the Valencia County Sheriff's Office at the time of the events in question. Based upon our review of the record, we agree with the district court that many of plaintiff's claims against these defendants fail to state a constitutional claim. We also agree with the district court that plaintiff failed to present any evidence in support of her allegations against these defendants and failed to controvert the evidence presented by the defendants refuting her allegations. Therefore, no competent summary judgment evidence supported a claim that these defendants violated her constitutional rights. The district court correctly dismissed claims against Mr. Mallory's supervisors, Wes Mallory, D.C. Jackson, and Juan Julian, because there was no basis for any derivative supervisory liability against these individuals and no competent summary judgment evidence supported a claim that any of these defendants took any deliberate action or had any actual knowledge of any constitutional violation.

The district court correctly ruled that no detailed, non-conclusory allegations in the complaint, nor any competent summary judgment evidence supported a claim that a custom or policy of Valencia County, the Valencia County Commission or its Commissioners directly caused any violation of plaintiff's constitutional rights. Plaintiff also makes a very general claim that the district court erred in granting qualified immunity to the remaining defendants. Plaintiff fails to identify which defendants she is characterizing as "remaining" or to point to any error in the district court's analysis or conclusions. Thus, we do not address this general contention.

*See Murrell v. Shalala,* 43 F.3d 1388, 1389 n. 2 (10th Cir.1994) (noting that perfunctory complaints which fail to frame and develop an issue are insufficient to invoke appellate review).

We AFFIRM for substantially the same reasons set forth in the thorough orders entered by the district court. The mandate shall issue forthwith.