FILED
United States Court of Appeals
Tenth Circuit

September 28, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MIKE PEAY; COLLEEN PEAY;
MATTHEW PEAY; MEGAN PEAY,

     Plaintiffs-Appellees,

v.

JOANN MURPHY; WADE BERRY;
ROB RIDING; DAVID SORENSEN;
STEVEN SHAWN CHIPMAN,

     Defendants-Appellants.

No. 09-4198

(D.C. No. 2:05-CV-01083-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge**, McKAY** and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,
therefore, ordered submitted without oral argument.

Defendants, a group of law enforcement entities and officers from Utah

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec.
1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

County, Utah, have filed this interlocutory appeal seeking to challenge the district court's denial of summary judgment as to plaintiffs' claim that defendants violated their Fourth Amendment rights during the execution of a search warrant at plaintiffs' residence. Plaintiffs have moved to dismiss the appeal for lack of interlocutory jurisdiction. After reviewing the matter, we agree with plaintiffs that we lack jurisdiction over the issues presented, and we accordingly grant plaintiffs' motion and dismiss the appeal.

I

*Factual background*

On December 26, 2003, Wade Berry, a deputy with the Utah County Sheriff's Office, prepared an affidavit in support of a search warrant for the residence of Michael Peay and his family, located at 4624 Kestrel Way, Eagle Mountain, Utah. Berry presented the affidavit to a Utah state district judge who found probable cause to search the residence for a marijuana grow operation and authorized a no-knock warrant.

At approximately 11:00 p.m. on January 4, 2004, a group of law enforcement officers, including a S.W.A.T. team, executed the warrant. In doing so, the officers used a ram to break down a door and aggressively yelled as they entered the residence. The officers forcibly removed Mrs. Peay from a couch and placed her roughly on the floor. Mr. Peay was tackled from behind by the officers, handcuffed, placed in leg restraints, and tasered. He was also allegedly

2

punched and kicked on repeated occasions.  After Mr. and Mrs. Peay were restrained, the officers searched the residence but found no evidence of a marijuana grow operation.  According to the Peays, the officers ransacked the residence, broke windows, smashed holes in walls, smashed at least two doors, and ate some candy and drank a bottle of soda found in one of the bedrooms.  The Peays also alleged that they lost several pets as a result of the officers' actions, and that the officers damaged a dresser, the backyard fence, a water bed, and a rocker/recliner.

*Procedural background*

On December 29, 2005, the Peays filed this action against Utah County, the Utah County Sheriff's Department, the Utah County Major Crimes Task Force, and numerous law enforcement officers involved in the search of their residence. The complaint alleged several claims under 42 U.S.C. § 1983, including claims that the Peays' Fourth Amendment rights were violated because defendants (a) lacked probable cause for the search, (b) executed the search warrant in an improper, unreasonable and excessive manner (the unreasonable execution claim), and (c) used excessive force in restraining Mr. and Mrs. Peay.

On March 27, 2009, defendants moved for summary judgment, purportedly "on all of the Plaintiffs' claims."  Memorandum in Support of Summary Judgment Motion at 2.  The introductory section of the supporting memorandum asserted, in particular, that "[w]ith respect to the individual defendants, they [we]re all

3

entitled to qualified immunity because their conduct did not violate a clearly established constitutional right of the Plaintiffs of which a reasonable officer would have known." Id. The body of the supporting memorandum, however, addressed only the excessive force and lack of probable cause claims. No mention was made of plaintiffs' unreasonable execution claim.

Plaintiffs, in their memorandum in opposition to defendants' summary judgment motion, noted that defendants' motion failed to address the unreasonable execution claim:

> Although Defendants' Memorandum states they are seeking summary judgment on "all of the Plaintiffs' claims," it fails to address Plaintiffs' Fourth Amendment claim for the unreasonable manner in which the search warrant was executed. The Fourth Amendment forbids every search that is unreasonable. Ker v. California, 374 U.S. 23, 33 (1963). Destruction of property that is not reasonably necessary to effectively execute a search warrant may violate the Fourth Amendment. Tarpley v. Greens, 684 F.2d 1, 9 (D.C. Cir. 1982). The extensive damage to Plaintiffs' real and personal property during the execution of the search warrant is uncontroverted. See Plaintiffs' Fact Nos. 25, 26, 27. If Defendants somehow seek summary judgment on this issue, Plaintiffs seek leave of Court to file an additional response related thereto.

Plaintiffs' Memorandum in Opposition at 10 n.1. Although defendants filed a reply brief in support of their motion for summary judgment, it again failed to mention the unreasonable execution claim.

The district court held a hearing on defendants' summary judgment motion on July 31, 2009. At the outset, the district court asked defense counsel to outline the specific claims that were being asserted by plaintiffs. When asked by the

4

district court whether he agreed with defense counsel's outline of the claims, plaintiffs' counsel stated:

> I agree with everything except they are missing a major element [because] . . . they have not included in any of their briefs – and they have not responded to my brief – the manner in which the search warrant was executed, meaning breaking windows, breaking materials.  They have never briefed that.  That is an issue for all four of the plaintiffs, so that's a still pending claim.  It's a Fourth Amendment claim for unreasonable execution of the search warrant.

Hearing Tr. at 6-7.  Defense counsel responded that he "did not, quite frankly," recognize that as a separate claim.  Id. at 7.  Defense counsel made no attempt thereafter to argue that the individual defendants were entitled to qualified immunity on the claim.  After hearing additional argument from plaintiffs' counsel regarding the unreasonable execution claim, the district court ultimately ruled:

> As to the claim for destruction of property to the house, I find that [plaintiffs' counsel] has persuaded me that is an issue.  If all of his facts are taken as true, the breaking of personal property in the house, and the breaking of the windows into the camper when they knew they had keys they could try, I suppose in taking those in the light most favorable to the plaintiff at this juncture, which I must, and recognizing there will no doubt be actual disputes about what happened inside the house, taking it all in favor of the plaintiff, I will find there is a sufficient case to go to the jury and whether there was excessive force used on the house.

Id. at 66.

On September 24, 2009, the district court issued a memorandum decision and order memorializing its rulings from the summary judgment hearing.  App. at

5

34. The only mention of the unreasonable execution claim was the following: "concerning the Peays' claim that the search was unreasonable due to law enforcement's destruction of property, the Court denied the defendants' motion . . . ." Id. at 35.

On October 23, 2009, defendants filed a notice of appeal from the district court's September 24, 2009 memorandum decision and order.

On February 11, 2010, approximately three days after receiving a copy of defendants' opening appellate brief, plaintiffs moved to dismiss the appeal for lack of jurisdiction.

II

Our jurisdiction generally extends only to "appeals from . . . final decisions of the district courts." 28 U.S.C. § 1291. "While a denial of summary judgment is not the type of order immediately appealable to this court, we do have interlocutory jurisdiction over denials of qualified immunity at the summary judgment stage to the extent that they turn on an issue of law." Zia Trust Co. ex rel. Causey v. Montoya, 597 F.3d 1150, 1152 (10th Cir. 2010) (internal quotation marks and brackets omitted). In other words, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).

Given these jurisdictional principles, the threshold question in resolving plaintiffs' motion to dismiss is whether the district court's summary judgment ruling constituted a denial of qualified immunity from plaintiffs' unreasonable execution claim. After examining the record in this case, we are persuaded the district court did not address whether defendants were entitled to qualified immunity from this claim; indeed, defendants made no cognizable arguments, either in their pleadings or at the summary judgment hearing, that would have squarely presented that issue to the district court. Instead, the district court denied summary judgment on the unreasonable execution claim for two basic reasons: (1) because of defendants' failure to recognize and address the claim in their summary judgment pleadings and related oral arguments; and (2) because plaintiffs presented sufficient evidence from which a jury could find in their favor on that claim. As a result, we conclude the district court's denial of summary judgment on the unreasonable execution claim is not an appealable final decision under 28 U.S.C. § 1291, and we therefore lack jurisdiction to entertain defendants' appeal.

Plaintiffs' motion to dismiss the appeal for lack of interlocutory jurisdiction is GRANTED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

7

09-4198, *Peay v. Murphy*

**HARTZ**, Circuit Judge, concurring:

I am not convinced that we lack jurisdiction to hear this appeal. The defendants moved for summary judgment on all claims on the ground of qualified immunity. The district court granted summary judgment on all but one claim. The defendants now appeal the denial of summary judgment on that claim. The ground for the denial is irrelevant. Indeed, the defendants could appeal even if the district court simply held its decision in abeyance while the case proceeded. *See Workman v. Jordan*, 958 F.2d 332, 335–36 (10th Cir. 1992). We have jurisdiction to the extent that the defendants raise abstract issues of law in support of reversal.

But jurisdiction does not get the defendants very far. We rarely consider an issue on appeal that was not presented to the district court. In this case, the defendants raised not a single argument in district court in favor of qualified immunity on the remaining claim. We should therefore affirm the decision below.