**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES TILLMON,

      Plaintiff - Appellee,

v.

DOUGLAS COUNTY, in its individual
and official capacities, TONY G.
SPURLOCK, Douglas County Sheriff in
his official and individual capacities; J.
YOUNG, Sergeant in Douglas County, in
her official and individual capacities;
KIETH PENRY, of the Douglas County
Sheriff's Office in his official and
individual capacities,


      Defendants - Appellants,

and

JOHN AND/OR JANE DOE(S), of the
Douglas County Deputy Sheriff Medical
Dept, in his, her, or their individual and
official capacities,

      Defendants.

No. 19-1134
(D.C. No. 1:18-CV-00492-RBJ-KLM))
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **SEYMOUR** and **MORITZ**, Circuit Judges.
_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

_____

Defendants appeal the district court order denying their motion to dismiss James Tillmon's 42 U.S.C. § 1983 Fourteenth and Eighth Amendment claims and his 42 U.S.C. § 1985 Fourteenth Amendment conspiracy claim. They also appeal their motion to reconsider that denial. For the reasons discussed below, we affirm.

**Background**

Pro se plaintiff Tillmon filed claims against Douglas County, Colorado;[1] the Douglas County Sheriff; two employees of the sheriff's office; and unnamed John and Jane Does. Tillmon alleged that, while he was an inmate at the Douglas County jail, defendants subjected him to race-based discrimination, denied him appropriate medical care, and deprived him of proper notice in connection with disciplinary hearings. He asserted claims under § 1983 for violations of his equal protection rights, due process rights, and his right to medical care. And as part of those claims, Tillmon asserted that Douglas County was liable under a municipal-liability theory. Tillmon further alleged that defendants conspired to deprive him of his civil rights

---

[1] In the below proceedings, defendants argued that Tillmon's complaint did not properly name the County. *See* Colo. Rev. Stat. § 30-11-105 (requiring specific language for naming counties in lawsuits). The district court agreed, but instead of dismissing the County, it granted Tillmon leave to amend his complaint. Tillmon has yet to amend his complaint, but defendants do not raise this issue on appeal. Notwithstanding this naming issue, we refer to the County by the shorthand "County" or "Douglas County" in this appeal.

under § 1985.

Defendants moved to dismiss Tillmon's claims. As relevant here, they argued that Tillmon failed to state facts sufficient to demonstrate a constitutional violation as required by Federal Rule of Civil Procedure 12(b)(6). But in doing so, defendants did not address Tillmon's § 1983 municipal-liability claim against Douglas County, nor did they address Tillmon's § 1985 conspiracy claim. Defendants further stated that they were entitled to qualified immunity. And they did so in a single, six-sentence paragraph that discussed the law of qualified immunity and then concluded, without supporting facts or arguments, that all defendants were immune from Tillmon's suit. Then, in reply in support of their motion to dismiss, defendants argued for the first time that Tillmon failed to sufficiently plead his municipal-liability claim against the County.

The district court dismissed Tillmon's due process claims but concluded that Tillmon sufficiently pled his medical care and race-based discrimination claims against both the individual defendants and Douglas County. In doing so, the district court did not address defendants' reply-brief arguments regarding municipal liability. The district court additionally declined to address defendants' qualified-immunity defense because the defendants' failure to develop that issue suggested they "only raise[d] the issue of qualified immunity to preserve it from waiver." App. 160.

Defendants sought reconsideration of the district court's order denying their motion to dismiss. But unlike defendants' motion to dismiss, their motion for reconsideration addressed § 1985 conspiracy and supplied new, substantive

3

arguments in support of the qualified-immunity defense. The district court dismissed the reconsideration motion the next day, stating: "The Court ruled based on what the parties put before the Court. This is not the time to shore up a motion that was lacking. The defendants will have an opportunity to file a motion for summary judgment." App. 179. Defendants now appeal both the order on their motion to dismiss and the order on their motion for reconsideration.[2]

## Analysis

On appeal, defendants argue that qualified immunity precludes Tillmon's § 1983 and § 1985 claims against the individual defendants and further argue that Tillmon failed to establish § 1983 municipal liability against Douglas County.[3] But before we may consider the merits of these arguments, we must first turn to the

---

[2] We note that Tillmon remains pro se on appeal and that he did not file a response brief. But because Tillmon is the appellee, this lack of briefing does not require us to find in favor of defendants. *See* Fed. R. App. P. 31(c) (stating that appellee's failure to file response brief results only in forfeiture of oral argument while appellant's failure to file opening brief can result in dismissal of appeal).

[3] Defendants raise two additional arguments. First, they imply that the district court's order on the motion to dismiss is internally inconsistent because it dismissed Tillmon's due-process claim but did not dismiss Keith Penry, the sheriff's office employee who allegedly violated Tillmon's due-process rights, as a defendant. But we discern no inconsistency given that Tillmon maintains his § 1985 conspiracy claim against all defendants. And we decline to consider this perceived inconsistency further because defendants do not substantively develop this point. *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1133 n.4 (10th Cir. 2004) ("Scattered statements in the appellant's brief are not enough to preserve an issue for appeal."). Next, in their jurisdictional brief, defendants argue that J. Young, another sheriff employee, is entitled to absolute immunity. But defendants waived this argument by failing to raise it in their opening brief, and we therefore decline to consider it. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (noting that issues not raised in opening brief are waived).

significant jurisdictional and preservation issues presented by this appeal.

Generally, we lack jurisdiction to review nonfinal, interlocutory orders, like those at issue here. *See* 28 U.S.C. § 1291; *Eastwood v. Dep't of Corr.*, 846 F.2d 627, 629 (10th Cir. 1988). Nevertheless, defendants propose that we exercise jurisdiction under the collateral-order doctrine. Under that doctrine, a qualified-immunity denial is immediately appealable if the denial hinges on an issue of law. *Weise v. Casper*, 507 F.3d 1260, 1263–64 (10th Cir. 2007). And defendants argue that their qualified-immunity defense hinges only on legal questions, not factual disputes. But implicit in the application of the collateral-order doctrine is a predicate requirement for jurisdiction: the district court must have denied qualified immunity. *See Montoya v. Vigil*, 898 F.3d 1056, 1063 (10th Cir. 2018) (stating that "true jurisdictional inquiry is whether or not the district court *decided* the qualified-immunity question at issue"). And so, we must first determine whether the district court denied qualified immunity.

Here, defendants raised qualified immunity below, and the district court declined to rule on their defense. This declination has the same effect as a denial because defendants have, for the time being, lost their right to be immune from this lawsuit. *Workman v. Jordan*, 958 F.2d 332, 335–36 (10th Cir. 1992) (concluding that district court order postponing ruling on qualified-immunity defense constituted denial because defendants "los[t] their right to be free from the burdens of pretrial discovery and trial"); *see also Montoya*, 898 F.3d at 1063 (recognizing qualified-immunity denials can be either implicit or explicit). Therefore, we have jurisdiction

5

over this appeal.

But even though we have jurisdiction to consider defendants' qualified-immunity defense, we must next decide whether we should reach the merits of a defense that the district court declined to adjudicate. As a general rule, we "do[] not consider an issue not passed upon below." *Workman*, 958 F.2d at 337. Instead, if a defendant adequately raises qualified immunity and the district court declines to rule on the defense, then we typically remand and direct the district court to decide qualified immunity. *See id.* But if a defendant does not adequately present the defense to the district court, then the defense is not preserved for appellate review and we affirm the district court. *See Montoya*, 898 F.3d at 1063–64.

Defendants argue they adequately raised qualified immunity in their motion to dismiss, and they urge us to reach the merits of their defense. But defendants' analysis of qualified immunity in that motion was cursory at best. Their argument consisted of a single paragraph briefly discussing the law of qualified immunity. And even then, defendants erroneously asserted qualified immunity on behalf of all defendants even though Douglas County is not entitled to qualified immunity. *See Owen v. City of Independence*, 445 U.S. 622, 650–53 (1980) (noting government entities may not assert qualified immunity). Although the defendants' single-paragraph argument in the district court has morphed into 30 pages of appellate argument, their belated appellate argument cannot remedy their perfunctory assertion of qualified immunity below. *See Wall v. Astrue*, 561 F.3d 1048, 1066 (10th Cir. 2009) (determining that claimant's argument was unpreserved because she "failed to

6

present any developed argumentation" to district court); *Harrell v. United States*, 443 F.3d 1231, 1233 (10th Cir. 2006) (concluding that undeveloped argument to district court was not preserved for appeal); *Tele-Communications, Inc. v. Commissioner of Internal Revenue*, 104 F.3d 1229, 1334 (10th Cir. 1997) (rejecting appellee's appeal argument as inadequately preserved where "perfunctory" paragraph of briefing in district court became 10 pages of argument on appeal).

Moreover, reaching the merits of their qualified-immunity defense would require us to consider the substantive arguments defendants first raised in their motion for reconsideration. But "arguments raised for the first time in a motion for reconsideration are not properly before the [district] court and generally need not be addressed." *United States v. Trestyn*, 646 F.3d 732, 742 (10th Cir. 2011) (alteration in original) (quoting *United States v. Castillo-Garcia*, 117 F.3d 1179, 1197 (10th Cir. 1997), *overruled on other grounds by United States v. Ramirez-Encarnacion*, 291 F.3d 1219 (10th Cir. 2002)). And this is especially true here, where the district court refused to consider defendants' belated arguments for reconsideration. *See Workman*, 958 F.2d at 337.

Defendants nevertheless suggest they preserved this defense because they argued in their motion to dismiss that, under Rule 12(b)(6), Tillmon's alleged constitutional violations failed to state a § 1983 claim. And defendants argue that their Rule 12(b)(6) arguments substantiate their qualified-immunity defense, implying that these arguments below preserved the defense on appeal. But we have previously held that an appellant's "failure-to-state-a-claim argument[s]" cannot

7

substantiate an otherwise unsubstantiated qualified-immunity defense. *See Montoya,* 898 F.3d at 1064. And although Rule 12(b)(6) arguments can be "exceedingly" similar to arguments in support of qualified immunity, qualified immunity "is conceptually distinct from the merits of the plaintiff's claim." *Id.* at 1064–65 (second quoting *Mitchell v. Forsyth*, 472 U.S. 511, 527–28 (1985)); *cf. Burke v. Regalado*, 935 F.3d 960, 1003 (10th Cir. 2019) (concluding that motion arguing that § 1983 claim was unsupported under Federal Rule of Civil Procedure 50 did not, on its own, preserve qualified-immunity defense for appeal). And here, defendants' motion to dismiss clearly delineates between its discussion of Rule 12(b)(6) and its discussion of qualified immunity. Although defendants' arguments supporting the former could also have supported the latter, their motion to dismiss made no attempt to do so. Accordingly, defendants' reliance on their Rule 12(b)(6) failure-to-state-a-claim arguments do not save an appeal predicated entirely on a qualified-immunity defense. *See Montoya*, 898 F.3d at 1064–65.

Finally, Douglas County requests that we adjudicate the merits of Tillmon's municipal-liability claim. Because the County is not entitled to qualified immunity, we do not have jurisdiction over its appeal under the collateral-order doctrine. *See Owen*, 445 U.S. at 650–53. Instead, we can only entertain its appeal by exercising supplemental-appellate jurisdiction, also called pendent jurisdiction. *See Cummings v. Dean*, 913 F.3d 1227, 1235 (10th Cir. 2019) (noting that we can exercise jurisdiction over pendent, nonappealable claims), *cert. denied sub nom. Cummings v. Bussey*, 140 S. Ct. 81; *United States v. Botefuhr*, 309 F.3d 1263, 1272 n.7 (10th Cir.

2002) ("adopt[ing] the modern approach of referring to 'pendent subject[-]matter jurisdiction' as 'supplemental subject[-]matter jurisdiction'"). Supplemental jurisdiction empowers appellate courts with the discretion to "exercise jurisdiction over an otherwise nonfinal and nonappealable lower court decision that overlaps with an appealable decision.'" *Id.* (quoting *Cox v. Glanz*, 800 F.3d 1231, 1255 (10th Cir. 2015)). But defendants' municipal-liability arguments, like their qualified-immunity arguments, are unpreserved because defendants failed to raise those arguments until the reply to their motion to dismiss and the district court did not address them. *See FDIC v. Noel*, 177 F.3d 911, 915 (10th Cir. 1999) (noting arguments first raised in reply brief to district court are unpreserved for appellate review if district court did not address arguments). And we see no reason to exercise supplemental jurisdiction here given that neither the appealable claim nor the municipal-liability claim is preserved for appellate review. *See Moore v. City of Wynnewood*, 57 F.3d 924, 929 (10th Cir. 1995) (noting that we consider adequacy of appellate record when determining whether to exercise pendent jurisdiction). Accordingly, we decline to exercise supplemental jurisdiction.

## Conclusion

Exercising jurisdiction under the collateral-order doctrine, we conclude that defendants did not preserve their qualified-immunity arguments for appellate review. We therefore decline to reach the merits of their qualified-immunity defense. And because we do not reach the merits of defendants' appealable arguments, we decline to exercise

9

supplemental jurisdiction over their municipal-liability arguments. Accordingly, we affirm the district court.

Entered for the Court


Nancy L. Moritz
Circuit Judge